TAYLOR, Judge.
Michael Mitchell petitioned for a writ of habeas corpus regarding 41 prison disciplinary proceedings against him in the past ten years. A total of 13 years of “good time” credits had been taken from him as a result of these disciplinaries. A review of the record in this case shows there are many ways to break the rules in prison. Mitchell appealed his 41 disciplinaries to the Circuit Court of Limestone County, alleging a denial of due process rights. *739 The circuit court granted the requested relief as to a number of the disciplinaries, and denied his petition as to 15. He has appealed the court’s denial in 14 of the 15 remaining disciplinaries. He argues that the Department of Corrections failed to apply the rules of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), to these cases because the Department’s administrative regulation adopting Wolff procedures had not yet been adopted. The circuit court ruled that the administrative regulation did not have to be retroactively applied. On appeal, the state seems to concede that Wolff stated the law as of the time of some of these disciplinary proceedings and should have been applied.
All but three of these disciplinaries resulted in guilty pleas and one of the others involved a nolo contendere plea. The real issue seems to be: must Wolff v. McDonnell be strictly applied in disciplinary proceedings in which the accused pleads guilty?
Appellant argues that the prison disciplinary reports fail to adequately state what evidence was relied on. We disagree with appellant. A guilty plea serves as an admission to all elements of the offense charged. Furthermore, in the twelve disciplinary cases in which appellant pleaded guilty, the written statements of the prison disciplinary board as to evidence relied on by it include admissions of guilt by appellant and his statements of fact. These statements by him to the board furnished a factual basis on which the board could rely, in addition to his plea of guilty. Moreover, in each of the reports, statements of witnesses are listed.
We hold that the guilty plea made by the accused is sufficient “evidence relied on” by the prison disciplinary board, to comply with Wolff v. McDonnell, supra.
In the two disciplinary proceedings where Mitchell pleaded not guilty, the board in its written statement detailed incidents, dates, and statements of witnesses. One of the board’s written statements is supplemented by an attached appendix containing signed statements of witnesses in detail far beyond any due process requirement. A review of the record convinces us that no error occurred here.
For the foregoing reasons, we affirm the decision of the circuit court dismissing the petition.
AFFIRMED.
All the Judges concur.