Anthony Lee Mosely was convicted of reckless manslaughter and was sentenced to 20 years' imprisonment. He raises two issues on this direct appeal from that conviction.
 I.
The appellant contends that the prosecutor, in closing argument, impermissibly commented upon his constitutional right to remain silent.
The appellant was convicted for the 1991 death of 11-month-old Earliecha Jamese Little. The appellant did not testify at trial. However, he made two statements to the police, which were admitted into evidence at trial. In his first statement the appellant claimed, "I never bruised the baby or nothing like that . . . sexual abuse . . . nothing like that." C.R. 54-55. In his second statement, the appellant admitted that he had "squeezed" the infant because she was crying and that he had seen the child's mother slap her on her legs with a houseshoe. C.R. 61, 64. In that statement, the appellant also admitted that he "felt" like "the injuries to the baby w[ere] the result of [his] getting upset, getting nervous, picking the baby up and squeezing it and shaking it." C.R. 66.
The autopsy performed on the child revealed "several pattern injuries" to the head area. R. 463. The bruises on the head were "consistent with knuckle-type injuries" (R. 512) "most consistent with injuries sustained in a beating." R. 516. The pathologist testified: "I could not envision any other object aside from some fist-shaped object that could have produced those injuries." R. 532. The child's anus was dilated and had been stretched and injured. R. 497. The infant's liver was "split," her spleen ruptured, and *Page 1042 
her pancreas bruised. R. 502-03. Death was caused by "[b]leeding from the internal injuries, in addition to the injuries to the head and the swelling to the brain." R. 506. It was the opinion of the pathologist that "Earleesa (sic) Little came to her death or demise as a result of hemorrhage resulting from blunt force trauma." R. 516.
In her closing argument, the assistant district attorney stated:
 "But you will have the tape recording to take back there to determine whether or not there was any force or coercion whatever from this man. And I submit to you there was none. But this man is not going to completely cleanse his soul and tell us all that happened to that baby, I submit to you, because it is too disgusting. It is too grotesque." R. 621.
Defense counsel timely objected and a bench conference was held.
At the conclusion of the closing arguments, the following occurred outside the presence of the jury:
 "THE COURT: Before I bring the jury out, there is an objection during argument which we had a bench conference about with regard to State's summation. Mr. Dawson, that bench conference was not on record and I guess —
 "MR. DAWSON [defense counsel]: We will reiterate that now. We did request a mistrial and we want another mistrial now, because it never got cured. She was testifying about how this defendant wouldn't bare his soul and all of that. You know, I guess, she wanted some kind, I guess she wanted him to jump up and testify here in the middle of her closing argument is all I could figure. However, she meant it, it was a comment on the failure of this defendant to testify, talking about when is he or is he going to bare his soul, whatever she said in that context was just a comment on his constitutional right to remain silent.
 "THE COURT: Ms. Petro [assistant district attorney].
 "MS. PETRO [assistant district attorney]: Judge, I was not testifying, I was doing my argument and I believe I was well in the throes of discussing this defendant's statement to the Birmingham Police Department and any comment made was referring to his statement, statements made and referring to things that were not said during the course of his statements. I was very specific about that and there was no reference to this defendant's failure to testify.
 "THE COURT: As I did when it first came up, I overruled the objection because it was my clear understanding at that time it was a reference to the statements which [are] in evidence, and not the defendant's failure to testify." R. 626-28.
"Alabama law clearly holds that '[w]here there is the possibility that a prosecutor's comment could be understood by the jury as reference to failure of the defendant to testify, Art. I, § 6 [Const. of Ala. of 1901] is violated.' "Ex parte Wilson, 571 So.2d 1251, 1262 (Ala. 1990). However, "a prosecutor may legitimately base his argument on the evidence of the appellant's statement" to the police. Hereford v. State,608 So.2d 439, 442 (Ala.Cr.App. 1992). See also Henderson v.State, 584 So.2d 841, 855 (Ala.Cr.App. 1988); Smith v. State,588 So.2d 561, 570 (Ala.Cr.App. 1991); Kimble v. State,545 So.2d 228, 230 (Ala.Cr.App. 1989); Brinks v. State,500 So.2d 1311, 1314-15 (Ala.Cr.App. 1986). "Argument by the prosecution concerning omissions and inconsistencies in the defendant's version of the case is not improper." Salter v. State,578 So.2d 1092, 1096 (Ala.Cr.App. 1990), cert. denied,578 So.2d 1097 (Ala. 1991).
Here the prosecutor's comment is reported out of the context of the entire argument. The record does not contain the argument immediately preceding this comment. "When the comment to which the appellant objected is not 'set out with sufficient clarity for us to determine whether or not the comment pointed out to the jury the appellant's failure to take the stand and to testify,' we will not predicate reversible error on the record in that condition. Redus v.State, 398 So.2d 757, 761 (Ala.Cr.App.), writ denied,398 So.2d 762 (Ala. 1981). See also Holder v. State, 584 So.2d 872
(Ala.Cr.App. 1991)." Russaw v. State, 624 So.2d 234
(Ala.Cr.App. 1993). The prosecutor's comment must be viewed within the context of the entire argument. *Page 1043 Musgrove v. State, [Ms. 6 Div. 736, November 25, 1992] ___ So.2d ___ (Ala.Cr.App. 1992); McWilliams v. State, [Ms. 6 Div. 190, August 23, 1991] ___ So.2d ___ (Ala.Cr.App. 1991), affirmed as to instant issue, remanded on other grounds, [Ms. 1911242, January 29, 1993] ___ So.2d ___ (Ala. 1993);Henderson, 584 So.2d at 855; Graffeo v. State, 412 So.2d 312,322 (Ala.Cr.App. 1982). Cf. Shelby County Comm'n v. Bailey,545 So.2d 743, 748 (Ala. 1989).
The trial judge was in the best position to determine the propriety of the argument. That judge made a factual finding of his impression and understanding of the comment based upon his having heard the prosecutor's entire argument. This appellate court is in no position to contradict or reject that finding under the circumstances presented here.
 II.
The appellant was charged with the capital offense of intentional murder committed during sexual abuse in the first degree, as defined in Ala. Code 1975, § 13A-5-40(a)(8). The trial court instructed the jury on the charged offense and on intentional murder, reckless manslaughter, and criminally negligent homicide as lesser included offenses. The court refused the appellant's request to charge the jury on sexual abuse as a lesser included offense, stating that such a charge was not "appropriate under the circumstances in this case." R. 616. Contrary to the appellant's argument, this refusal was proper.
The offense of sexual abuse is a statutory element of the capital offense of intentional murder during sexual abuse in the first or second degree. See § 13A-5-40(a)(8). Consequently, sexual abuse is, by statute, a lesser included offense of that capital offense. See § 13A-1-9(a)(1). "However, an accused is not always entitled to an instruction on a particular offense even though this offense is [a lesser] included [offense of] the offense for which he is charged." Holladay v. State,549 So.2d 122, 129 (Ala.Cr.App. 1988), affirmed, 549 So.2d 135
(Ala.), cert. denied, 493 U.S. 1012, 110 S.Ct. 575,107 L.Ed.2d 569 (1989). "Lesser included offense instructions, generally, should not be given unless there is a rational basis for a verdict convicting the defendant of the included offense."Haynes v. State, 461 So.2d 869, 873 (Ala.Cr.App. 1984). Accord § 13A-1-9(b).
In this case, there was no "rational basis for a verdict convicting" the appellant of sexual abuse only. While there was some evidence of sexual abuse, i.e., the child's anus was dilated and stretched, see §§ 13A-6-66, 13A-6-60(3), there was abundant evidence of the physical abuse that resulted in the death of the child. There simply was no reasonable theory from the evidence presented upon which the jury could have found the appellant guilty of sexual abuse independent of the killing of the child. See Godbolt v. State, 429 So.2d 1131, 1134
(Ala.Cr.App. 1982) (in prosecution for capital offense of intentional murder during a robbery, "there [wa]s no basis in the evidence to support a reasonable theory of the existence of the crime of robbery independent of the crime of murder"). Cf.Ingram v. State, 570 So.2d 835, 838 (Ala.Cr.App. 1990).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.