[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 207 
The appellant, Yolanda D. Moore, was convicted of assault in the second degree and of assault in the third degree, violations of §§ 13A-6-21 and 13A-6-22, Code of Alabama 1975, respectively. She was sentenced to three years' imprisonment on each conviction, the sentences to be served concurrently. The sentences were split, and she was ordered to serve 18 months in prison, and the remainder of the sentence on supervised probation.
The state's evidence tended to show that on August 18, 1993, the appellant cut Lawanda Vinson numerous times on her back, face, and arms with a knife made for cutting boxes while they were engaged in a fight. The appellant also cut Sara Vickers on her arm when Vickers attempted to break up the fight. Vinson testified that during the week preceding August 18, 1993, the appellant had told Vinson's friends that she was going to "do something to her" because she did not like the way Vinson "was looking at her." Vinson testified that the appellant made these comments over a period of several days. On August 18, 1993, the appellant told Veranta Ware, a neighbor, to ask Vinson if she and Vickers were "ready for an ass whipping." Later that day, Vinson walked to Vickers's house. She passed John Bennefield's house and saw the appellant sitting on the porch. The appellant said, "If that fat bitch wants me she can come and get me." Vinson ran toward the appellant but tripped and fell before she got to the porch. The appellant then attacked Vinson with a box cutter, cutting her numerous times on her back, face, and arms. Vickers ran over to the fray and received a cut on her arm. There was no evidence presented that either of the victims had carried, brandished, or used any weapons.
The appellant raises three issues on appeal to this court.
 I
The appellant contends that the trial court erred in denying her motion for a judgment of acquittal because she contends that the evidence presented at trial established that she was acting in self-defense.
This issue was not preserved for our review because the appellant did not allege this ground in her motion for a judgment of acquittal or her motion for a new trial.Zumbado v. State, 615 So.2d 1223, 1241 (Ala.Cr.App. 1993). *Page 208 
Further, the question of whether the appellant was in actual or apparent immediate peril so as to justify the use of physical force in self-defense is a question of fact to be decided solely by the jury, after appropriate instruction by the court as to the application of the term. Lemley v. State,599 So.2d 64, 74 (Ala.Cr.App. 1992). Here, the jury concluded that the evidence presented at trial did not establish self-defense. We will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App. 1992).
The circuit court did not err in denying the appellant's motion for a judgment of acquittal.
 II
The appellant contends that the trial court erred in denying her motion for a judgment of acquittal on the ground that the victim's last name was misspelled in the indictment. Specifically, she contends that this was a "material variance" that requires reversal.
However, this issue was not preserved for our review. Rule 15.2(a), Ala.R.Crim.P., provides:
 "(a) Objections which must be raised by pretrial motion. Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion as provided in Rule 15.3."
Rule 15.3, Ala.R.Crim.P., states the time in which a Rule 15.2 motion must be made:
 "(a) Pre-trial motions. A motion under Rule 15.2 must be made:
 "(1) In circuit court, at or before arraignment or by such later date as may be set by the court; and
 "(2) In district court or municipal court, at the time of or before entering a plea.
 "(b) Extension or limitation of time. For good cause shown, the court may extend or limit the time of filing such motions."
The appellant failed to present this alleged defect in the indictment to the trial court in a timely manner; she, therefore, cannot raise it on appeal.
Furthermore, the variance was not material. "To be material, a variance as to the name alleged in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to the accused in making his defense, or to expose him to the danger of a second trial on the same charge." Rice v. State, 620 So.2d 140, 142 (Ala.Cr.App. 1993). Here, the indictment stated that one of the victims was named "Lawanda Benson," but her name is in fact "Lawanda Vinson." This error could be misleading because the pronunciation and spelling of the two names are similar, but it does not rise to the level of a "material variance." "An indictment is sufficient if it apprises the accused with a reasonable certainty of the nature of the accusation against him so that he may prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense."Rice, 620 So.2d at 142. The appellant was not misled or prejudiced by the misspelling of the victim's name in the indictment.
 III
The appellant contends that she was denied effective assistance of counsel in violation of her Sixth Amendment right to counsel. The appellant timely preserved the issue of the ineffectiveness of her trial counsel by raising it in her motion for a new trial. Ex parte Jackson, 598 So.2d 895
(Ala. 1992).
The standard for determining ineffective assistance of counsel was set out by the United States Supreme Court inStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). In order to prove a claim of ineffective assistance of counsel, an appellant must meet a two-pronged test. First, the appellant must show that counsel's performance was deficient, that is, that counsel made errors so serious that counsel was not functioning as "counsel" under the Sixth Amendment and that counsel's performance fell below an objective standard of reasonableness. Strickland,466 U.S. at 687-88, 104 S.Ct. at 2064, 80 L.Ed.2d at 693 (1984). Second, the appellant must show that this deficient performance *Page 209 
prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the appellant of a fair trial and that the probable outcome of the trial would have been different but for counsel's ineffective performance.Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987).
The appellant first contends that her trial counsel's performance was ineffective because, she contends, he did not conduct an "adequate" pretrial investigation. While counsel must make a substantial pretrial investigation, failure to conduct an exhaustive investigation does not result in counsel's performance being deficient. Ex parte Womack,541 So.2d 47, 71 (Ala. 1988). An adequate investigation does not require that counsel uncover every shred of evidence, but only that he should make a "reasonable inquiry." Womack, 541 So.2d at 71. The appellant has not shown what her counsel did not do that he should have done that would have produced a different result in her trial.
The appellant next contends that her trial counsel's performance was ineffective because, she said, he did not present various objections at several points during the trial. The fact that counsel did not object at every possible instance does not mean that the appellant did not receive adequate representation. O'Neil v. State, 605 So.2d 1247, 1250
(Ala.Cr.App. 1992). Objections are a matter of trial strategy, and an appellant must overcome the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance," that is, the presumption that the challenged action "might be considered sound trial strategy." Strickland,466 U.S. at 687-88, 104 S.Ct. at 2064, 80 L.Ed.2d at 693
(1984). Again, the appellant has not shown how she was prejudiced by trial counsel's failure to make objections.
The appellant next contends that her trial counsel's performance was ineffective because, she says, he failed to adequately cross-examine the state's witnesses. However, the record shows that the appellant's trial counsel thoroughly cross-examined all of the state's witnesses. Therefore, the appellant's argument in this regard is not supported by the record.
The appellant next contends her trial counsel's performance was ineffective because, she says, he failed to present any evidence in her defense. Again, this is a decision involving trial strategy. A mere difference of opinion between the appellant and her trial counsel as to trial strategy is insufficient to render counsel's performance ineffective under the Strickland test. Stone v. State, 579 So.2d 702, 703
(Ala.Cr.App. 1991). Furthermore, counsel may reasonably avoid presenting evidence or defenses for a number of sound reasons that lead him to conclude that the evidence or defense may do more harm than good. Cade v. State, 629 So.2d 38, 42
(Ala.Cr.App. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1579,128 L.Ed.2d 221 (1994).
The appellant finally contends that her trial counsel's performance was ineffective because, she says, he failed to meet with her regarding sentencing until the day of the sentencing hearing. Failure of counsel to confer with the appellant as often as she would have liked does not render counsel's performance ineffective. Watson v. State,439 So.2d 762, 765 (Ala.Cr.App. 1983). "Brevity of time spent in consultation, without more, does not establish that counsel was ineffective." Kirby v. State, 563 So.2d 56, 57
(Ala.Cr.App. 1990). The appellant has not shown that counsel's performance resulted in her receiving a more severe or undeservedly harsh sentence.
After reviewing the record, we find that counsel made strategic choices that the appellant now questions, but that counsel's performance was not ineffective. "An appellant is entitled not to errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance."Thompson v. State, 615 So.2d 129, 134 (Ala.Cr.App. 1992).
The appellant also contends that her appellate counsel's performance was ineffective because, she says, he failed to file a motion pursuant to Ex parte Jackson, 598 So.2d 895
(Ala. 1992), to request tolling of the *Page 210 
time requirements for filing a motion for a new trial until after completion of the transcripts of the trial court proceedings. However, appellate counsel filed a "Motion for Leave to Supplement Motion for New Trial" pending receipt of the transcripts of the trial court proceedings. This motion by appellate counsel was consistent with the procedure required byJackson. Therefore, appellate counsel's performance was not ineffective.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.