The appellant, Michael Anthony Patrick, was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama *Page 961 
1975. He was sentenced to imprisonment for life in the penitentiary.
The state's evidence tended to show that on September 20, 1994, the appellant engaged in sexual intercourse with B.J.D.[1] B.J.D. testified that as she was driving her automobile the appellant flagged down her car. When she stopped, he forced his way into the car and held a knife to her throat. He then drove her to an abandoned school. They got out of the car and he tore off her clothes and tied her hands behind her back. B.J.D. testified the appellant then raped her and performed oral sex on her. Eventually, B.J.D. was able to free herself and, after wrestling with the appellant, she was able to escape to her car and drive home.
 I
The appellant contends that trial court erred in denying the appellant's motion for a mistrial after state's counsel made the following remarks during closing argument:
 "MR. ABBETT [prosecutor]: And what was the defense in this case? The Defendant's attorney present some kind of defense, mistaken identity or alibi, the Defendant was somewhere [else] at the time the crime was committed —
 "MR. ROUNTREE [defense counsel]: "Object, may it please the Court. May we approach the bench?
"THE COURT: Yes, sir.
 "(Whereupon, the following proceedings were had at the bench, inside the presence of the jury but out of its hearing, to-wit:)
 "MR. ROUNTREE: The only defense we have to assert is a plea of not guilty and Mr. Abbett knows that. It's an improper argument and we object to it. That's prosecutorial misconduct and we ask for a mistrial.
"THE COURT: Denied your motion."
The appellant asserts that these remarks constitute a direct comment on the appellant's failure to testify at trial and that the court's ruling amounted to reversible error.
 " 'Alabama law clearly holds that "[w]here there is the possibility that a prosecutor's comment could be understood by the jury as reference to failure of the defendant to testify, Art. I, § 6 [Const. of Ala. of 1901] is violated." ' Ex parte Wilson, 571 So.2d 1251, 1262 (Ala. 1990). However, 'a prosecutor may legitimately base his argument on the evidence of the appellant's statement' to the police. Hereford v. State, 608 So.2d 439, 442
(Ala.Cr.App. 1992)."
Mosely v. State, 628 So.2d 1041, 1042 (Ala.Cr.App. 1993).
The record shows that detectives Glen Prickett and Rick Gaught of the Opelika Police Department testified at trial that the appellant had told them when he was arrested that they were making a mistake because he was out of town when the rape occurred. This testimony by these police officers was evidence upon which the prosecution could comment in closing. The trial court did not err in denying the appellant's motion for a mistrial.
 II
The appellant also contends that his counsel's performance at trial was ineffective. The appellant preserved this issue for appeal by addressing it in his motion for a new trial.
 "For the appellant to succeed on his argument that his trial counsel was ineffective, he must meet the two-pronged test promulgated by the United States Supreme in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant must show 1) that his trial counsel's performance was deficient and 2) that such deficient performance prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Furthermore, 'when this court is reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable.' Hallford v. State, 629 So.2d 6 (Ala.Cr.App. 1992). *Page 962 
The burden is on the appellant to show that his counsel's performance was deficient. Luke v. State, 484 So.2d 531 (Ala.Cr.App. 1985)."
Inabinett v. State, 668 So.2d 170, 172 (Ala.Cr.App. 1995).
Appellant's first allegation of ineffective assistance of counsel is trial counsel's failure to challenge the racial composition of the grand jury that indicted him. There is no evidence in the record of the grand jury's racial composition. Because the appellant failed to present any evidence regarding the racial composition of the grand jury, there is no factual basis from which this court could determine whether trial counsel should have challenged the composition. "A reviewing court cannot predicate error on matters not shown by the record." Hutchins v. State, 568 So.2d 395, 398
(Ala.Cr.App. 1990).
The appellant's second allegation of ineffective assistance of counsel is trial counsel's failure to make a Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge to the composition of the trial jury that convicted him. The appellant does not cite any evidence from the record indicating that the jury was struck in a racially discriminatory manner and there is nothing in the record showing the race of those potential jurors who were struck.
 "[T]he record does not contain the clerk's office jury list of any relevant information about the jurors. 'It is the appellant's duty to provide this court with a complete record on appeal.' Knight v. State, 621 So.2d 394 (Ala.Cr.App. 1993). See also Holder v. State, 584 So.2d 872
(Ala.Cr.App. 1991). We cannot predicate error on a silent record. Hutchins v. State, 568 So.2d 395
(Ala.Cr.App. 1990)."
Roberts v. State, 627 So.2d 1114, 1116 (Ala.Cr.App. 1993).
The appellant's third allegation of ineffective assistance of counsel is trial counsel's failure to object when two prosecutors questioned the same witness. No ineffective assistance of counsel is shown here. "It is within the trial court's discretion to allow more than one counsel on a side to examine a witness." Anderton v. State, 390 So.2d 1083, 1087
(Ala.Cr.App. 1980), writ denied, 390 So.2d 1087 (1980). Moreover, "[t]he fact that counsel did not object at every possible instance does not mean that the appellant did not receive adequate representation." Moore v. State,659 So.2d 205, 209 (Ala.Cr.App. 1994).
The appellant's fourth allegation of ineffective assistance of counsel is trial counsel's alleged failure to adequately investigate the question of the victim's use of illegal substances, to pursue the question whether the sexual intercourse was consensual, and to locate witnesses who could have testified that the appellant entered B.J.D.'s automobile at her request. These allegations condemn counsel for not pursuing non-existent or will-o'-the-wisp or rabbit-trail matters of mitigation or defense. There is nothing in the record to suggest that investigating whether the victim used illegal substances would have changed the outcome of the appellant's trial. As to pursuing the issue of consensual sexual intercourse, the weight of the evidence against the appellant was such that the trial counsel could have decided that presenting this defense was not a viable trial strategy.
 "A mere difference of opinion between the appellant and her trial counsel as to trial strategy is insufficient to render counsel's performance ineffective under the Strickland test. Stone v. State, 579 So.2d 702
(Ala.Cr.App. 1991). Furthermore, counsel may reasonably avoid presenting evidence or defenses for a number of sound reasons that lead him to conclude that the evidence or defense may do more harm than good. Cade v. State, 629 So.2d 38
(Ala.Cr.App. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1579, 128 L.Ed.2d 221 (1994)."
Moore, 659 So.2d at 209.
Regarding trial counsel's alleged failure to locate certain witnesses, we note that appointed counsel generally does not have a team of trained investigators on call. The state does not furnish investigatory teams to defendants. We note that the accused did not cooperate with his court appointed lawyer. "Under the doctrine of invited error, a defendant cannot by his own *Page 963 
voluntary conduct invite error and then seek to profit thereby." Phillips v. State, 527 So.2d 154, 156 (Ala.), on remand, 527 So.2d 157 (Ala.Cr.App. 1988). Even if the appellant's allegation was true, whether to call or not call a particular witness is a matter generally within defense counsel's discretion.
The appellant's fifth allegation of ineffective assistance of counsel is trial counsel's failure to file a motion for a judgment of acquittal. The appellant has not shown how he was prejudiced by this failure. The law does not require a useless act. The state presented overwhelming evidence that the appellant committed the crime of rape in the first degree. "Counsel is not ineffective for failing to file a motion for which there is 'no legal basis.' " Hope v. State,521 So.2d 1383, 1386 (Ala.Cr.App. 1988), quoting United States v. Caputo,808 F.2d 963, 967 (2nd Cir. 1987).
The appellant was not denied effective performance of counsel at trial.
 III
The appellant last contends that he has "newly discovered evidence" of juror bias. This issue is presented here for the first time. "An issue raised for the first time on appeal is not correctly before this court." Buice v. State, 574 So.2d 55,57 (Ala.Cr.App. 1990).
We have considered other contentions of the appellant and find them entirely without merit.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Because she was the victim of a sex offense, the victim's identity is being protected pursuant to Rule 52, Ala.R.App.P.