COBB, Judge.
Larry James Lawrence appeals the Jefferson Circuit Court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief, in which he attacked his February 24, 2005, conviction for second-degree theft of property and his resulting sentence of 15 years’ imprisonment.
Lawrence was indicted as follows:
“James Lawrence ... after having been previously convicted of Theft in the 2nd degree, did knowingly obtain or exert unauthorized control over one pocket knife of the value of $29.99; two multi-tools of the aggregate value of $119.98; one pocket knife of the value of $44.99; two archery/bow site of the aggregate value of $65.98; and four archery/bow site of the aggregate value of $184.00, the property of ACADEMY SPORTS AND OUTDOORS, INC., A CORPORATION with the intent to deprive the owner of said property, in violation of Section 13A-8-4 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama.”
(C. 26) (capitalization in original).
Lawrence entered a guilty plea to the above charge and did not appeal his conviction or sentence. On August 8, 2005, he filed the instant petition. In his petition, Lawrence presented the following claims:
“(1) Petitioner’s conviction and sentence was unauthorized by law because the element of the prior felony, i.e., the element providing the enhancement on his conviction from theft in the third degree to theft in the second degree, was not certified and proven to the finder of fact as required by Apprendi v. New Jersey, 530 U.S. 466 (2000).[1] Thus, petitioner *433 should have been convicted and sentenced for the misdemeanor of theft of property in the third degree as defined in § 13A-8-5, Ala.Code 1975, instead of the Class C felony of theft in the second degree as defined in § 13A-8-4(g), Ala. Code 1975.
“(2) Petitioner’s trial counsel was ineffective for failing to object to the illegal enhancement of his conviction and sentence as set forth in issue (1).
“(3) Petitioner claims that the trial court was without jurisdiction to render judgment and impose sentence because it used the same prior conviction to enhance the charge from a misdemeanor to a Class C felony and then to enhance his sentence under the Habitual Felony Offender Act. This is ‘double dipping’ because its effect was to enhance his sentence two times.
“(4) Petitioner claims that trial counsel was ineffective for failing to prevent the State from using the prior conviction to enhance the charge and enhance the sentence as set forth in claim (3).”
After the State responded with a motion to dismiss, the circuit court, citing Rule 32.7, Ala. R.Crim. P., summarily dismissed the petition. Lawrence then filed this appeal essentially reasserting the claims from his petition.
At the time the offense was committed, the Code of Alabama defined second-degree theft as follows:
“(a) The theft of property which exceeds five hundred dollars ($500) in value but does not exceed two thousand five hundred dollars ($2,500) in value, and which is not taken from the person of another, constitutes theft of property in the second degree.
[[Image here]]
“(g) Notwithstanding subsection (a), the theft of property which exceeds two hundred fifty dollars ($250) in value but does not exceed two thousand five hundred dollars ($2,500) in value, and which is not taken from the person of another, where the defendant has previously been convicted of a theft of property in the first or second degree or receiving stolen property in the first or second degree, constitutes theft of property in the second degree.”
Section 13A-8-4, Ala.Code 1975. Because Lawrence stole property valued at $444.94, he was properly charged under subsection (g)-
Lawrence’s first claim — that he should have been convicted and sentenced of a misdemeanor because evidence of his prior felony was not certified and proven— lacks credence. The United States Supreme Court stated in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct. 2348. Thus the prior conviction did not have to be proved beyond a reasonable doubt. Furthermore, by pleading guilty, Lawrence admitted that he had a prior conviction, an element of the offense of second-degree theft of property under § 13A-8-4(g), Ala.Code 1975. “A guilty plea serves as an admission to all elements of the offense charged.” Mitchell v. State, 495 So.2d 738,'739 (Ala.Crim.App.1986). Thus, we find that the prior conviction was proven.
*434 Lawrence’s second claim regarding ineffective assistance of counsel based on the aforementioned substantive claim also lacks credence. Counsel cannot be said to be ineffective for not filing a motion for which there is no legal basis. See Patrick v. State, 680 So.2d 959, 963 (Ala.Crim.App.1996); Hope v. State, 521 So.2d 1883, 1386 (Ala.Crim.App.1988).
As to Lawrence’s third claim that it was improper for the trial court to use the prior conviction that enhanced the misdemeanor charge to a felony charge to enhance his sentence under the Habitual Felony Offender Act, we agree. Regarding this issue, this Court has previously stated:
“ ‘In instances where there is only one prior conviction, and that conviction is a necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offender Act. To hold otherwise, would nullify the punishment provision of the currently charged offense ... because the prior conviction would always activate the Habitual Felony Offender Act; we do not believe that the legislature intended that result.’ ”
Ringer v. State, 501 So.2d 493, 493-94 (Ala.Crim.App.1986) (quoting Wigley v. State, 456 So.2d 339, 341 (Ala.Crim.App.1982)).
The same rationale applies for a conviction under § 13A-8-4(g), Ala.Code 1975. The legislature made the prior felony a necessary element for a conviction of second-degree theft of property. The legislature also clearly directed that second-degree theft of property be punished as a Class C felony. Thus, to allow the prior felony to be used in accordance with the Habitual Felony Offender Act to enhance Lawrence’s sentence would result in the elevation of second-degree theft to a Class B felony in every case. Such an outcome could not have been the intent of the legislature. Therefore, this cause is due to be remanded so the trial court may impose the proper sentence.
Because Lawrence is receiving relief concerning his substantive claim that his prior conviction should not have been used to enhance his second-degree-theft-of-property conviction under the Habitual Felony Offender Act, we need not address his remaining ineffective-assistance-of-counsel claim relating to the aforementioned issue.
We therefore reverse the Jefferson Circuit Court’s dismissal of Lawrence’s petition for postconviction relief and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.

. In Apprendi, the United States Supreme Court held that ‘‘[o]ther than the fact of a *433 prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct 2348.