WELCH, Presiding Judge,
concurring in the result.
I concur in the result reached in the Court’s unpublished memorandum for the same reasons I stated in my special writ *53 ing in Ankrom v. State, 152 So.3d 373 (Ala.Crim.App.2011) (Welch, P.J., concurring in the result and dissenting in part).
I believe that the indictment here, like the indictment in Ankrom, properly-charged an offense within the circuit court’s jurisdiction and that the circuit court correctly denied Sarah Janie Hicks’s pretrial motion to dismiss the indictment, because to rule otherwise would have been an impermissible pretrial determination as to the sufficiency of the evidence. Adhering to this view, I continue to disagree with the Ankrom court’s decision to overrule Doseck v. State, 8 So.3d 1024 (Ala.Crim.App.2008). Moreover, here, as in Ankrom, Hicks followed the denial of her motion to dismiss the indictment with the entry of a guilty plea. Because Hicks pleaded guilty, an appellate challenge to the sufficiency of the evidence would be resolved adversely to her. Lawrence v. State, 953 So.2d 431, 433 (Ala.Crim.App. 2006) (“ ‘A guilty plea serves as an admission to all elements of the offense charged.’ ” (quoting Mitchell v. State, 495 So.2d 738, 739 (Ala.Crim.App.1986))).
Therefore, I believe that Hicks’s conviction is due to be affirmed. However, in this case I can concur only in the result because the analysis relies on Ankrom. I believe that the circuit court’s proper denial of the motion to dismiss the indictment followed by the entry of a guilty plea rendered the construction of the statute charging chemical endangerment of a child, as was done in Ankrom, unnecessary to the disposition of Ankrom’s appeal, and likewise, unnecessary to the disposition of Hicks’s appeal.
For the foregoing reasons, I respectfully concur in the result.