WELCH, Judge,
concurring in the result.
The majority affirms Cornelius Antoine Billingsley’s guilty-plea conviction for failure to register as a sex offender, a violation of § 13A-11-200, Ala.Code 1975. I concur only in the result reached in the Court’s opinion for the same reasons I stated in my special writings in Ankrom v. State, [Ms. CR-09-1148, August 26, 2011] - So.3d - (Ala.Crim.App.2011) (Welch, P.J., concurring in the result and dissenting in part), and in Hicks v. State, [Ms. CR-09-0642, Nov. 4, 2011] — So.3d - (Ala.Crim.App.2011) (Welch, P.J., concurring in the result). I believe that the indictment here, like the indictments in *199 Ankrom and Hicks, properly charged an offense within the circuit court’s jurisdiction and that the circuit court correctly denied Billingsley’s pretrial motions seeking dismissal of the indictment, because to rule otherwise would have been an impermissible pretrial determination as to the sufficiency of the evidence. Continuing to adhere to this view, I also disagree with the Ankrom Court’s decision to overrule Doseck v. State, 8 So.3d 1024 (Ala.Crim.App.2008), for the reasons fully explained in my special writing in Ankrom, including that “allowing a trial court to conduct a pretrial review of the underlying substantive issue presented here — whether the defendant’s actions constitute a violation of the statute” — “modified the Alabama Rules of Criminal Procedure and engraft-ed into the rules a form of summary judgment as found in the Alabama Rules of Civil Procedure. See Rule 56, Ala. R. Civ. P.” Ankrom v. State, — So.3d at - (Welch, P.J., concurring in the result and dissenting in part).
Moreover, here, as in Ankrom and in Hicks, Billingsley pleaded guilty after the circuit court denied his motions to dismiss the indictment but now seeks to challenge the State’s evidence that supported the conviction. Because Billingsley pleaded guilty, an appellate challenge to the sufficiency of the evidence would be resolved adversely to him. Lawrence v. State, 953 So.2d 431, 433 (Ala.Crim.App.2006) (“‘A guilty plea serves as an admission to all elements of the offense charged.’ ” (quoting Mitchell v. State, 495 So.2d 738, 739 (Ala.Crim.App.1986))).
Therefore, I believe that Billingsley’s conviction is due to be affirmed. However, in this case I can concur only in the result because the analysis relies on Ankrom. I believe that the circuit court’s proper denial of Billingsley’s motions to dismiss the indictment rendered unnecessary the majority’s determination that convictions in military courts are convictions in “federal court” as that term is used in § 13A-11-200(b), Ala. Code 1975.
For the foregoing reasons, I respectfully concur in the result.