PER CURIAM.
Derrick L. Brown filed this petition for a writ of mandamus requesting that this Court direct Judge Jacob A. Walker to grant in toto his request for indigency status so that he may file his second post-conviction petition seeking relief under Rule 32, Ala. R.Crim. P., without prepaying any portion of the filing fee. In May 2013, Brown filed a Rule 32 postconviction petition in the Lee Circuit Court attacking his 2000 conviction for murder.[1] That petition, Brown’s second Rule 32 petition, was accompanied by a request to proceed in forma pauperis.[2] On May 21, 2013, Judge Walker granted Brown’s request for indigency status, in part, and waived most of the $349 filing fee and directed Brown to pay $75. Brown then filed this timely petition for a writ of mandamus in this Court.
In his order, Judge Walker stated:
“[Brown] has filed a Rule 32 petition dated May 15, 2013. [Brown] requested to proceed in forma pauperis. In his request, [Brown] has attached a copy of his ‘prison account.’ The prison account indicates that [Brown] has had deposits of $370.00 over the preceding year. Therefore, the Court deems [Brown] partially indigent. [Brown] should pay a filing fee of $75.00 within the next 60 days. Once the filing fee is paid, the Clerk is to notify the Court.”[3]
Rule 32.6(a), Ala. R.Crim. P., states, in pertinent part:
*627 “If the petitioner desires to prosecute the petition in forma pauperis, he or she shall file the ‘In Forma Pauperis Declaration’ at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined, stating the amount of money or' securities on deposit to the petitioner’s credit in any account in the institution for the previous twelve (12) months, which certificate may be considered by the court in acting upon the petitioner’s application for leave to proceed in forma pauperis.”
When ruling on Brown’s request for indigency status, Judge Walker properly considered the deposits made to Brown’s inmate account for the 12 months preceding the filing of the request. We commend Judge Walker for waiving a portion of the filing fee and assessing only a portion of that fee to Brown. Based on the deposits to Brown’s inmate account, we agree that Brown could have saved the money to pay $75 — a small portion of the $349 filing fee. See Ex parte Wyre, 74 So.3d 479, 482 (Ala.Crim.App.2011).
To satisfy the prerequisites for the issuance of a writ of mandamus, the petitioner must establish: ‘“(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (8) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’” Ex parte Gates, 675 So.2d 371, 374 (Ala.1996) (quoting Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)). Brown has failed to meet his heavy burden of establishing the right to the issuance of a writ of mandamus. Accordingly, his petition is denied.
PETITION DENIED.
WINDOM, P.J., and WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. On March 23, 2001, on direct appeal this Court affirmed Brown’s conviction by an unpublished memorandum. See Brown v. State (No. CR-00-0263), 821 So.2d 1040 (Ala.Crim.App.2001) (table).

. Our records show that Brown previously filed a Rule 32 petition in the Lee Circuit Court and that this Court affirmed, by unpublished memorandum, the circuit court’s denial of that petition. See Brown v. State (No. CR-01-2344), 876 So.2d 1192 (Ala.Crim.App.2003) (table).

. Brown attached as an exhibit to his mandamus petition a document detailing the deposits into his inmate account from October 2012 to October 2013, which demonstrates that Brown had deposited only $170 into his inmate account during that time. Although the exhibit appears. to reflect a discrepancy between what was deposited into Brown’s inmate account from October 2012 to October 2013 and the circuit court’s finding that Brown had deposited $370 into his inmate account during the preceding year, the exhibit does not include the relevant period applicable to the circuit court's determination of Brown’s indigency status. Specifically, because Brown filed his Rule 32 petition and his request to proceed in forma pauperis in May 2013, Brown’s inmate account summary should reflect what was deposited into his account from May 2012 to May 2013. Additionally, Brown does not contest the circuit court’s finding that $370 was deposited into his inmate account during the preceding year.