WELCH, Judge.
Ricky[1] Lynn Cloud appeals the Cullman Circuit Court’s summary dismissal of his Rule 32, Ala. R. Crim. P., petition for postconviction relief. The petition challenged his September 30, 1998, conviction for aggravated stalking, a violation of § 13A-6-91, Ala. Code 1975, and his resulting sentence of 20 years’ imprisonment.
This Court affirmed Cloud’s conviction and sentence on appeal in an unpublished memorandum issued on April 30, 1999. See Cloud v. State (No. CR-98-0145), 768 So.2d 1024 (Ala. Crim. App. 1999)(table).
In Forma Pauperis Application
Cloud filed an in Forma Pauperis Application, which was granted. We’note that Cloud’s application did not Comply with the requirement of Rule 32.6(a), Ala. R. Crim. P., that,
“[i]f the petitioner desires to prosecute the petition in forma pauperis, he or she shall file the ‘In Forma Pauperis Declaration’ at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined, stating the amount of money or securities on deposit to the petitioner’s credit in any account in the institution for the previous twelve (12) months, which certificate may be considered by the court in acting upon the petitioner’s application for leave to proceed in forma pau-peris. If the application to proceed in forma pauperis is granted, the filing fee shall initially be waived, but may be assessed as provided in Rule 32.7(e).”
(Emphasis supplied.)
The circuit court would not have abused its discretion if it had refused to consider the in forma pauperis application until Cloud had complied with the requirements of Rule 32.6(a), Ala. R. Crim. P., and supplied the certificate described above. Cf. Hyde v. State, 950 So.2d 344 (Ala. Crim. App. 2006).
We also note that the in forma pauperis application that was submitted contained Cloud’s statement that he re *540 ceived the sum of $49.00 per month, from his sister. (C. 3-4 and 30-31.)
Cloud’s statement showed that, iñ a year’s time, he had an income of $588.00 that he would have been able to use to pay the filing fee. This is appreciably more than the amount necessary to pay the filing fee for a Rule 32 petition in the Cull-man Circuit Court.
The circuit judge would not have abused his discretion if he had denied the request to proceed in forma pauperis for this reason. The judge could have issued an order requiring that the petitioner pay the requisite filing fee, or a portion of the it,[2] prior to ruling on the petition. See Ex parte, Wyre, 74 So.3d 479 (Ala. Crim. App. 2011).
“[A]n inmate who has appreciably more than the amount necessary, to pay a filing fee deposited in his inmate account in the 12 months preceding the filing of an [In Forma Pauperis] request is not indigent as that term is defined in Rule 6.3(a), Ala. R. Crim. P. Wyre had $876.52 deposited to his account in that period — more than twice the amount necessary to pay the filing fee. Thus, he is not indigent.”
74 So.3d at 482.
Rule 32 Petition
The instant Rule 32 petition, Cloud’s fourth, was deemed filed on February 18, 2016, and was untimely. Cloud filed the standard Rule 32 form found in the appendix to Rule 32, Ala. R. Crim. P. Cloud selected the following constitutional grounds provided on paragraph 12 of the form: 12(A)(7) — conviction obtained by violation of the protection against double jeopardy; and 12(A)(9) — denial of effective assistance of counsel. Cloud also selected the ground 12(B) — the court was without jurisdiction to render judgment or to impose the sentence.
Petitioner’s Claims
In his supplement to the petition, Cloud raised the following claims:
In claim (1), Cloud alleged that there was a material variance between the indictment and the proof at trial because he argues, the protection order that formed an element of the offense was moot.
. In claim (2), Cloud alleged that the prosecutor committed misconduct when she expressed her personal belief that Cloud was guilty by saying: “Don’t let a murder be the stopping of Rickey Lynn Cloud, find him guilty because he is.”
In claim (3), Cloud alleged that his protection against double jeopardy was violated because he was tried for stalking for allegedly violating the same protection order on two different occasions.
In claim (4), Cloud alleged that his trial counsel was ineffective for failing to object to: (a) the indictment on the ground alleged in his first claim;' (b) the prosecuto-rial misconduct alleged in his second claim; and, (c) the double jeopardy violation described in his third claim.
Cloud later filed a motion to amend the petition, which was denied by the circuit court.
State’s Response
The State filed a motion to dismiss, asserting that the claims were procedurally barred by: Rule 32.2(a)(4), because they could have been, but were not, raised on direct appeal; Rule 32.2(b), because they were presented in a prior petition, or could have been presented in a prior petition, and Cloud failed to aver good cause why they could not have been presented in the prior petition; and, Rule 32.2(c), because the claims were raised in an untimely peti *541 tion. The State further pleaded that the claims were not - meritorious, that they failed to state a claim for which relief could be granted, and that they were not pleaded with the specificity required by Rule 32.7(b).
The State alleged that it was appropriate to sanction Cloud for filing repetitive, frivolous petitions. The State attached as exhibits the four unpublished memorandums of this court — one issued in Cloud’s direct appeal and three issued after the appeal of the dismissal of each of his prior Rule 32 petitions.
Circuit Court’s Order
The circuit court issued ah order dismissing the petition and finding that claims 1, 2, and 3 were nonjurisdictional and were precluded by Rules 32.2(a)(4) and 32.2(c); that claim 4 was procedurally barred by Rule 32.2(d), because the petition raised an ineffective-assistance-of-counsel claim that was untimely; and that the entire petition was procedurally barred by Rule 32.2(b).
The court also imposed sanctions for further frivolous Rule 32 filings:
“The Court further finds that because [Cloud] has previously filed multiple post-conviction petitions in this case, which have been summarily dismissed and affirmed on appeal, it is necessary to adopt reasonable measures to prevent further frivolous litigation by [Cloud] that waste limited judicial resources. It is therefore ORDERED and DECREED as follows:
“1. [Cloud’s] Petition is Denied and [Cloud] is hereby expressly enjoined from filing any new petition, motion or pleading relating to any claim that he has previously raised on appeal or in a post-conviction petition -for relief.
“2. In the event [Cloud] files any other post-conviction motion, petition or pleading with this Court he shall execute a sworn affidavit expressly certifying that the claims being raised-are new claims that have not previously been raised by him in any previous filing.
“3. In the event [Cloud] files any other post-conviction motion, petition or pleading with this Court he shall submit with his new petition or motion a summary of all previous post-conviction motions or petitions filed by him that relate to his conviction in the above case. The summary shall include the date of each filing; the claims made by him in each previous filing; the relief requested by him in each filing; a short statement as to the decision of the trial court with respect to each claim and, if the decision was appealed, the ruling of any appellate court.
“4. Any request filed by [Cloud] to proceed in forma pauperis shall include the information required in the above paragraphs ánd a listing of any monies [Cloud] has had ‘on the books,’used to purchase any food or items, or in any account of the Alabama Department of Corrections for the 9 previous months.
“5. [Cloud] shall be subject to the contempt power of this Court in the event he is found in the .future to -haye submitted a false affidavit to the Court or -to have-, willfully violated any other provision of this order. Upon a finding of contempt, [Cloud] -may be punished as provided by law and this puiiishment may include an additional period of incarceration for contempt after completion of his sentence in the present case.
“6. [Cloud] shall be served with a.copy of this order by personal service with return made to the Cullman County Circuit Court Clerk.
“The filing restrictions placed on [Cloud] by this order have been narrowly tailored to prevent continued frivolous filings by [Cloud] but are designed to allow him access. to the court in the event he has meritorious claim. In the *542 event any future filing by [Cloud] does not conform to the procedure set forth herein, the court will not grant any application to proceed in forma pauperis and the Clerk is directed and hereby ORDERED to refuse to accept a filing fee for any future filings until [Cloud] complies with the filing restrictions imposed herein.”
(C. 92-94.)
Standard of Review
When reviewing a circuit court’s summary dismissal of a postconviction petition, ‘“[t]he standard of review this Court uses ... is whether the [circuit] court abused its discretion.’ ” Lee v. State, 44 So.3d 1145, 1149 (Ala. Crim. App. 2009) (quoting Hunt v. State, 940 So.2d 1041, 1049 (Ala. Crim. App. 2005)). However, “when the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo. State v. Hill, 690 So.2d 1201, 1203 (Ala. 1996).” Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).
Moreover, except for utilizing on appeal a preclusionary bar under circumstances that are not present in this case, “when reviewing a circuit court’s rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.” Bush v. State, 92 So.3d 121, 134 (Ala. Crim. App. 2009).
Appeal
On appeal, Cloud reasserts the claims raised in his petition. In claim (1), Cloud alleged that there was a material variance between the indictment filed on July 2, 1998, and the proof at trial because the protection order that Cloud was charged with violating as an element of aggravated stalking was moot and had expired.
The indictment was attached to Cloud’s petition as Exhibit 1 and charged:
“The Grand Jury of said county charge that, before the finding of this indictment, RICKEY LYNN CLOUD, whose name is otherwise unknown to the Grand Jury, did, intentionally and repeatedly follow or harass another person, to-wit: GLENDA CLOUD and did make a credible threat, either expressed or implied, with the intent to place the said GLENDA CLOUD in reasonable fear of death or serious bodily harm, and in doing so violated a court order or injunction, to-wit: Protection from abuse order dated November 1996, and Cull-man County Circuit Court case number CC97-584, dated March 3,1998, in violation of title 13A-6-91 of the CODE OF ALABAMA.”
(C. 24.)
This claim is in essence a claim that the evidence was insufficient to convict Cloud of aggravated stalking. It is well settled that postconviction claims challenging the sufficiency of the State’s evidence are nonjurisdictional and subject to the grounds of preclusion set forth in Rule 32.2, Ala. R. Crim. P. See Ex parte Batey, 958 So.2d 339, 343 (Ala. 2006) (“Alabama courts have repeatedly held that an argument about the adequacy of the State’s evidence is not jurisdictional and is therefore barred by Rule 32.2.”).
Moreover, although not a basis for the circuit court’s dismissal, a simple review of Cloud’s Rule 32 petition convinces this court that he failed to meet his burden to plead the full factual basis for his claims. Ala. R. Crim. P. 32.3; 32.6(b); see McNabb v. State, 991 So.2d 313, 335 (Ala. Crim. App. 2007)(this court may sua sponte apply the specificity requirement contained in Rule 32.6(b), Ala. R. Crim. P.). In Boyd v. State, 913 So.2d 1113 (Ala. Crim. App. 2003), this court stated:
“Rule 32.6(b) requires that the petition itself disclose the facts relied upon *543 in seeking relief. In other words, it is not the pleading of a conclusion which, if true, entitlefs] the petitioner to relief. It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts.”
913 So.2d at 1125 (internal citation and quotations marks omitted).
Cloud did not allege in his petition when the instance of aggravated stalking he was accused of committing occurred, nor did he allege any facts regarding the effect of the order issued by the Cullman Circuit Court in case no. CC-97-584, dated March 3, 1998.
Therefore, the circuit court properly found that this claim was precluded under Rules 32.2(a)(4), 32.2(b) and 32.2(c), and correctly dismissed it.
In claim (2), Cloud alleged that the prosecutor committed misconduct when she expressed her personal belief that Cloud was guilty by saying: “Don’t let a murder be the stopping of Rickey Lynn Cloud, find him guilty because he is.”
However, this claim is not jurisdictional, and it is therefore subject to preclusion under Rule 32.2. See, e.g., Sunday v. State, 857 So.2d 166, 169 (Ala. Crim. App. 2002)(“[Sunday’s prosecutorial-misconduct claim] is precluded because it could have been, but was not, raised at trial or on appeal”).
Therefore, the circuit court properly found that this claim was precluded under Rules 32.2(a)(4),[3] 32.2(b), and 32.2(c).
In claim (3), Cloud alleged that he was subject to double jeopardy because he was tried for stalking based on violating the same protection order on two different occasions. .
This issue was raised in the direct appeal of his case and rejected by this court in its unpublished memorandum:
“On November 19, 1996, a trial court granted a Protection from Abuse' Order requiring Cloud to stop harassing his ex-wife and children. After many instances of harassment, on March 3, 1998, a grand jury indicted Cloud for aggravated stalking. Cloud pled, guilty to a lesser charge of attempted stalking and the trial court sentenced him to twelve months imprisonment, split to serve time already served and 2 years probation. The plea agreement also required Cloud to stay away from, and not telephone, his ex-wife, and to give up visitation rights to his children. Approximately ’two months later, Cloud telephoned his ex-wife and stated ‘[d]ead, dead, dead. Tonight.’ (R. 79.) A few minutes later, Cloud called back and stated ‘[fjire, burn. You are going to burn tonight, you fucking bitch.’ (R. 79.) The next morning Mrs. Cloud obtained a warrant and the police arrested Cloud. At trial, the trial court allowed evidence of1 harassment' and stalking that occurred prior to Cloud’s first conviction.
“Double jeopardy attaches in one of three ways: ‘a' second prosecution for the same'offense after an acquittal; a second prosecution for the same offense after a conviction; and multiple charges and punishments for the same offense.’ State v. Randall, 669 So.2d 223, 227 (Ala. Cr. App. 1995).
*544 “Here, Cloud was not subjected to double jeopardy because he was not prosecuted for the same offense. In fact, after Cloud’s first conviction, Cloud kept' harassing his ex-wife. Specifically, Cloud made two death threats to his ex-wife. At trial, the State’s evidence of Cloud’s prior harassment history was admissible, to prove a credible threat and intent, which are elements of stalking.”
The circuit court correctly found that this claim was precluded- under Rule 32.2(a)(4), which procedurally bars claims that were raised on appeal.
In claim (4), Cloud alleged that his trial counsel was ineffective for failing to object to: (a) the indictment on the ground alleged in his first claim; (b) the prosecuto-rial misconduct alleged in his second claim; and, (c) the double jeopardy violation described in his third claim.
To prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove (1) that counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
- Although couched in jurisdictional terms, Cloud’s ineffective-assistance claims are not truly jurisdictional and, therefore, are subject to the procedural bars of Rule 32, Ala. R. Crim. P. See, e.g., Cogman v. State, 862 So.2d 191, 192-193 (Ala. Crim. App. 2002) (a claim alleging ineffective assistance of counsel is not jurisdictional).
The circuit court properly dismissed this claim because it was procedurally barred under Rule 32.2(d), because the petition raised an ineffective assistance of counsel claim which was untimely, and under Rule 32.2(b), because it was raised, in a successive petition.
Moreover, because none of the three claims that form the basis for his allegation that his trial counsel was ineffective had merit, Cloud has failed to plead a meritorious claim of ineffective assistance of counsel. Counsel would' not be ineffective for failing to assert a meritless or baseless claim. See Patrick v. State, 680 So.2d 959, 963 (Ala. Crim. App. 1996); Hope v. State, 521 So.2d 1383, 1386 (Ala. Crim. App. 1988); Bearden v. State, 825 So.2d 868 (Ala. Crim. App. 2001).
Conclusion
A circuit court may summarily dismiss a petitioner’s Rule 32 petition pursuant to Rule 32.7(d), Ala. R. Crim. P.,
“[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”
See also Hannon v. State, 861 So.2d 426, 427 (Ala. Crim. App. 2003); Cogman v. State, 852 So.2d 191, 193 (Ala. Crim. App. 2002); Tatum v. State, 607 So.2d 383, 384 (Ala. Crim. App. 1992); Because the petitioner’s claims were precluded, or were without merit, summary disposition was appropriate.
For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
Windom, P.J., and Burke and Joiner, JJ.,-concur. Kellum, J., not sitting,

. The indictment in CC-98-510 spells the appellant’s first name as "Rickey'' (C. 24), as does he in his filings. In the direct appeal of his conviction, he is denominated "Ricky.”

. See Ex parte Brown, 164 So.3d 625 (Ala. Crim. App. 2014).

. The Court of Criminal Appeals may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala. Crim. App. 1992); Ex parte Salter, 520 So.2d 213, 216 (Ala. Crim. App. 1987), Cloud raised this issue in his second Rule 32 petition. See Cloud v. State ( No. CR-02-0046), 880 So.2d 505 (Ala. Crim. App. 2010) (table).