PER CURIAM.
Johnny Holley filed this petition for a writ of mandamus directing Judge Tracy S. McCooey to vacate her September 15, 2003, order dismissing his petition for a writ of certiorari and directing the Department of Corrections (“DOC”) to withhold 50% of all moneys deposited to his inmate account until the $149.00 fee for filing the petition in the circuit court was collected and to allow him to proceed in forma pau-peris.
In July 2003, Holley filed a petition for a writ of certiorari in the Montgomery County Circuit Court attacking the actions of the Alabama Board of Pardons and Paroles.[1] The certiorari petition was also accompanied by application to proceed in forma pauperis. Judge McCooey denied Holley’s in forma pauperis request and then issued an order addressing the merits of and dismissing the certiorari petition. The order also directed DOC to withhold 50% of all moneys deposited to Holley’s inmate account until the filing fee was satisfied. This petition for a writ of mandamus followed.
Holley argues that Judge McCooey should set aside her order insofar as it orders DOC to withhold 50% of all moneys deposited to his inmate account because he is indigent. Holley also argues that we should grant this mandamus petition because, he argues, Judge McCooey had no jurisdiction to issue the order.
Initially, we note that this case is correctly before this Court by way of a mandamus petition. Judge McCooey’s order was void because she had no subject-matter jurisdiction of the case.
“ ‘[AJbsent the payment of a filing fee [required by § 12-19-70, Ala.Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition.’ Carpenter v. State, 782 So.2d 848, 849 *268 (Ala.Crim.App.2000) (citing Goldsmith v. State, 709 So.2d 1352, 1352-53 (Ala.Crim.App.1997)).”
Ex parte McWilliams, 812 So.2d 318, 322 (Ala.2001). Holley’s only remedy is to file a mandamus petition. Holley could not appeal the ruling entered by Judge McCooey because that ruling was “void,” and a void judgment will not support an appeal. See Underwood v. State, 439 So.2d 125 (Ala.1983); Hamilton v. State, 828 So.2d 957 (Ala.Crim.App.2002); Carpenter v. State, 782 So.2d 848 (Ala.Crim.App.2000).
The State argues that the McWilliams holding does not apply in this case because Holley filed a petition for a writ of certio-rari in the circuit court, not a postconviction petition as was the case in McWil-liams.
Prior caselaw, however, does not support the State’s argument. This Court in Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997), dismissed the appeal because the trial court never ruled on Goldsmith’s in forma pauperis request. Goldsmith had filed a petition for a writ of certiorari in the circuit court challenging the actions of the Alabama Board of Pardons and Paroles. The circuit court addressed the merits of the petition and denied relief. We dismissed the appeal, stating that the certiorari petition was never properly before the trial court because the trial court had not ruled on the in forma pauperis application. The filing-fee requirement applies to a petition for a writ of certiorari filed in the circuit court.
Moreover, Judge McCooey had no statutory authority to deny the affidavit of substantial hardship and then assess a filing fee at the end of the proceedings. Section 12-19-70, Ala.Code 1975, specifically provides:
“(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
“(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.”
(Emphasis added.) Judge McCooey exceeded the authority granted to her by § 12-19-70, Ala.Code 1975.[2]
However, we agree with Judge McCooey that Holley is not indigent. Holley’s affidavit of substantial hardship con *269 tains a summary of deposits to his inmate account for the last 12 months. The summary shows monthly balances as high as $185. The Alabama Rules of Criminal Procedure define “indigent” as “a person who is financially unable to pay for his or her defense.” Rule 6.3(a), Ala.R.Crim.P. We cannot say that Judge McCooey abused her discretion in finding that Holley fails to meet this definition.
For the foregoing reasons, this petition for a writ of mandamus is due to be, and is hereby, granted to the extent that Judge McCooey is directed to set aside her September 15, 2003, order disposing of the certiorari petition and directing DOC to withhold moneys from Holley’s inmate account. All other relief requested in this petition is hereby denied.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.,

. It is unclear from the materials before this Court what those "actions” are.

. The Alabama Supreme Court has stated the following concerning § 12-19-70(a):
"The use of the term 'shall in this provision [§ 12-19-70(a)] makes the payment of the filing fee mandatory. See Prince v. Hunter, 388 So.2d 546, 547 (Ala.1980). It was the obvious intent of the legislature to require that either the payment of this fee or a court-approved verified statement of substantial hardship accompany the complaint at the time of filing. No doubt the purpose behind the passage of this provision was to discourage the filing of frivolous suits and to insure that the clerks of the circuit courts do not become 'credit men.’ Cf. Turkett v. United States, 76 F.Supp. 769 (N.D.N.Y.1948) (holding that payment of the filing fee is a prerequisite to filing an action under Rule 3, Fed.R.Civ.P., which is identical to our Rule 3, and 28 U.S.C.A., § 549 (now 28 U.S.C.A., § 1914), which provides that the party instituting a civil action must pay a filing fee, and commenting, 'Any other construction would open the door to actions without merit by irresponsible parties, and make the clerk a credit man, whose accountability might result in his personal loss, 76 F.Supp. at 770).’’
De-Gas, Inc. v. Midland Res., 470 So.2d 1218, 1220 (Ala.1985).