PER CURIAM.
 

 The petitioner, Leo Wyre, Jr., filed this petition for a writ of mandamus requesting that we direct Judge Robert Wilters to grant Wyre’s
 
 in forma pauperis
 
 request so that he may file a postconviction petition in the Baldwin Circuit Court without prepaying the filing fee. In January 2011, Wyre filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P., in the Baldwin Circuit Court attacking his 2009 convictions for trafficking in cocaine, possessing marijuana, and possessing drug paraphernalia. The petition was accompanied by a request to proceed
 
 in forma pauperis
 
 (“IFP”). On January 26, 2011, Judge Wilters denied Wyre’s request for IFP status. Wyre then filed this petition for a writ of mandamus.
 

 A petition for a writ of mandamus is the appropriate vehicle for reviewing a lower court’s ruling denying a request to proceed
 
 in forma pauperis. See Goldsmith v. State,
 
 709 So.2d 1352 (Ala.Crim.App.1997).
 

 Wyre asserts that Judge Wilters erred in denying his IFP request because, he says, he had only 28 cents in his inmate account when he filed the request for indi-gency status and that the “average” of his monthly balances for the 12 months preceding the filing of the petition was only $30.74. He also argues that Judge Wilters erred in failing to make specific findings of facts as to why he denied Wyre’s IFP request.
 

 In order to satisfy the prerequisites for the issuance of a writ of mandamus, the petitioner must establish: (1) a clear legal right to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) no adequate remedy at law; and (4) the properly invoked jurisdiction of the
 
 *481
 
 reviewing court.
 
 See State v. Williams,
 
 679 So.2d 275 (Ala.Crim.App.1996).
 

 Currently, the fee for filing a post-conviction petition in the Baldwin Circuit Court is $249.50. Wyre’s inmate account summary shows that he had deposits totaling $876.52 to his inmate-account in the 12 months preceding the filing of the petition. Some months he made no deposits; other months deposits were as much as $216.
 

 Rule 32.6(a), Ala. R.Crim. P., states, in pertinent part:
 

 “If the petitioner desires to prosecute the petition in forma pauperis, he or she shall file the ‘In Forma Pauperis Declaration’ at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined, stating the amount of money or securities on deposit to the petitioner’s credit in any account in the institution for the previous twelve (12) months, which certificate
 
 may be considered by the court in acting upon the petitioner’s application for leave to proceed in for-ma pauperis.”
 

 (Emphasis added.)
 

 According to Rule 32.6(a), Ala. R.Crim. P., a court considering an indigency request
 
 may
 
 consider the deposits to a petitioner’s inmate account for the 12 months preceding the filing. In those months, Wyre had over two times the amount necessary to satisfy the filing fee deposited to his account. As this Court stated in
 
 Ex parte Holley,
 
 883 So.2d 266 (Ala.Crim.App.2003):
 

 “Holley’s affidavit of substantial hardship contains a summary of deposits to his inmate account for the last 12 months. The summary shows monthly balances as high as $185. The Alabama Rules of Criminal Procedure define ‘indigent’ as ‘a person who is financially unable to pay for his or her defense.’ Rule 6.3(a), Ala. R.Crim. P.[
 
 1
 
 ] We cannot say that Judge McCooey abused her discretion in finding that Holley fails to meet this definition.”
 

 883 So.2d at 268-69. Wyre could have saved the money to pay the filing fee; thus, he is not indigent. Judge Wilters did not abuse his discretion in denying Wyre’s IFP request based on Wyre’s inmate-account activity.
 

 Wyre further argues that the circuit court erred in failing to make specific written findings as to why it denied his IFP request. He cites
 
 Lucas v. State,
 
 597 So.2d 759 (Ala.Crim.App.1992), and Rule 24(a), Ala. R.App. P., in support of his argument.
 

 However, this Court in
 
 James v. State,
 
 61 So.3d 357 (Ala.Crim.App.2010), reversed its decision in
 
 Lucas
 
 and stated:
 

 “James argues that according to
 
 Lucas v. State,
 
 597 So.2d 759 (Ala.Crim.App.1992), the circuit court erred because it failed to set out its reasons for denying the in forma pauperis request. He also cites Rule 24(a), Ala. R.App. P., in support of his argument that it was error for the circuit court not to make specific findings of fact when denying his request for indigency status.
 

 “In
 
 Lucas
 
 this Court stated: ‘[T]he circuit court may require the payment of that docket fee if the petitioner is not in fact indigent and the finding of the circuit court to that effect is made a part of the record.’ 597 So.2d at 760. We did not hold that findings are mandatory or
 
 *482
 
 even necessary when denying a request for indigency status. Also, our decision in
 
 Lucas
 
 was modified by our subsequent decision in
 
 Goldsmith v. State,
 
 709 So.2d 1852 (Ala.Crim.App.1997). In
 
 Goldsmith,
 
 we held that a petition for a writ of mandamus — rather than appeal — is the proper method of seeking review of a ruling of a request to proceed in forma pauperis.
 

 “Also, Rule 24(a), Ala. RApp. P., states:
 

 “
 
 ‘Leave to Proceed In Forma Pau-peris From Trial Court to Appellate Court.
 
 A party to an action in a court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 15 of the Appendix of Forms, the party’s inability to pay fees and costs or to give security therefor, the party’s belief that he or she is entitled to redress, and a statement of the issues which the party intends to present on appeal. If the motion is granted, the party may proceed without further application to the appellate court and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the trial court shall state in writing the reasons for the denial.’
 

 “Rule 24(a), Ala. RApp. P., only applies when a person is seeking to proceed on appeal in forma pauperis. It does not apply to the initial filing of a request for indigency status in the circuit court.”
 

 61 So.3d at 382-83.
 

 In conclusion, we hold that an inmate who has appreciably more than the amount necessary to pay a filing fee deposited in his inmate account in the 12 months preceding the filing of an IFP request is not indigent as that term is defined in Rule 6.3(a), Ala. R.Crim. P. Wyre had $876.52 deposited to his account in that period— more than twice the amount necessary to pay the filing fee. Thus, he is not indigent. Moreover, the circuit court was not required to make findings of fact as to why it denied Wyre’s IFP request.
 
 See James.
 
 Wyre has failed to satisfy the heavy requirements for the issuance of a writ of mandamus; therefore, this petition for a writ of mandamus is denied.
 

 PETITION DENIED.
 

 WELCH, P.J., and WINDOM, KELLUM, BURKE, and JOINER, JJ„ concur.
 

 [1]
 

 . Rule 6.3(a), Ala. R.Crim. P., defines "indigent” as "a person who is financially unable to pay for his or her defense.”