BRYAN, Justice.[1]

Facts and Procedural Background

Curtis J. Cook, Jr., and Joe Daniel Holt, Jr. (hereinafter sometimes referred to collectively as “the petitioners”), are inmates incarcerated by the Alabama Department of Corrections (“the DOC”). The petitioners each filed in the Elmore Circuit Court (“the trial court”) a “petition for release order” seeking their release from prison pursuant to the Alabama Prisoner Litigation Reform Act, § 14-15-1 et seq., Ala. Code 1975 (“the APLRA”). Holt filed his petition on or around June 20, 2014; Cook filed his petition on or around September 12, 2014.[2] The petitioners also filed requests for in forma pauperis (“IFP”) status. On June 27, 2014, the trial court entered an order granting Holt’s request for IFP status. However, on August 25, 2014, the trial court entered an order revoking Holt’s IFP status. On September 17, 2014, the trial court entered an order denying Cook’s request for IFP status.
The petitioners each filed with the Court of Criminal Appeals petitions for a writ of mandamus in which they sought an order from that court directing the trial court to set aside its orders denying the petitioners’ request's for IFP status. On March 12, 2015, the Court of Criminal Appéals entered separate orders in which it stated that it did not have jurisdiction over Cook’s and Holt’s petitions for a writ of mandamus and, consequently, transferred the petitions to the Court of Civil Appeals. On March 13, 2015, the Court of Civil Appeals likewise determined that it lacked subject-matter jurisdiction over Cook’s and Holt’s petitions and entered separate orders transferring the petitions to this Court.[3]
. This Court assigned Cook’s petition case no. 1140610, assigned Holt’s petition case no. 1140611, and entered an order consolidating the cases for the purpose of issuing one. opinion and to address the issue of which of Alabama’s appellate courts has jurisdiction to review proceedings arising from the APLRA. Accordingly, before addressing the merits of the petitioners’ ar *318 guments, this Court must determine which of Alabama's appellate courts has jurisdiction over Cook’s and Holt’s petitions.

Jurisdiction

The APLRA, which became'effective on April 24, 2013, applies “to all pro se civil actions for money damages relating to terms and conditions of confinement brought under the laws of this state, or for injúnctivé, declaratory, or mandamus relief, brought by prisoners incarcerated in any state correctional facility.” § 14-15-2, Ala.Code 1975. The APLRA requires a prisoner to exhaust all administrative remedies before filing a civil action under state law. § 14-15-4(b), Ala.Code 1975. Should a prisoner commence an action seeking relief in the form of a release order, he or she must file with the petition for release a request for a three-judge court and materials sufficient to indicate that certain prerequisites,- found in § 14-15-10(a), Ala. Code 1975, have been met.[4] § 14—15—10(d), Ala.Code 1975. One limitation on relief prescribed by the APLRA is that a state court may order a prisoner’s release from incarceration only when a three-judge court finds from clear and convincing evidence that “[cjrowding is the primary cause of the violation of a right” and “[n]o other relief will remedy the violation of the right.” § 14—15—10(f)(1) and (2), Ala.Code 1975.
The APLRA also provides that a pro se prisoner seeking relief as prescribed by the APLRA may seek IFP status by providing the court with a certified copy of his or her “prisoner money account” for the 12 months preceding the filing of the request for relief. § 14—15—5(a)(1), Ala.Code 1975. If the prisoner’s “inmate trust account” shows no deposits in the 12 months preceding the filing of the request for relief, the court has no discretion regarding IFP status but, instead, “shall permit the prisoner to proceed without paying the filing fee and costs.” § 14-15-5(a)(3), Ala. Code 1975 (emphasis added). The APLRA does not give courts guidance or provide factors for courts to consider in determining whether to grant IFP status in cases in which the prisoners’ inmate trust accounts indicate that deposits have been made into the accounts in the 12 months preceding the filing of the request for relief.
Although no party argues that the Court of Criminal Appeals has jurisdiction over these matters, we briefly address, for thoroughness, that court’s appellate jurisdiction. The Court of Criminal Appeals has exclusive appellate jurisdiction “of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.” § 12-3-9, Ala.Code 1975. Because Cook’s and Holt’s mandamus petitions arise from actions seeking relief based on the conditions of their incarceration, rather than from actions giving rise to their incarceration, the proceedings underlying the petitions are civil, not criminal, in nature. That determination is supported by the fact that the APLRA consistently refers to actions seeking relief pursuant to the procedures set forth in the APLRA as civil in nature. See, e.g., § 14-15-2, § 14-15-3(1), § 14- *319 15-4(b), and § 14-15-10(a) and (b). In addition, § 14-15-2 expressly provides that the APLRA does not apply to actions brought pursuant to § 15-21-1, Ala.Code 1975, which governs habeas corpus proceedings. Thus, although the APLRA provides that a prisoner may seek release from incarceration as a form of relief, our legislature clearly intended to make a distinction between a prisoner’s action seeking release from incarceration pursuant to the procedures set forth in the APLRA and a prisoner’s petition for a writ of habeas corpus. Because Cook’s and Holt’s petitions for release seek relief as prescribed by the APLRA, we conclude that their petitions are not in the nature of habeas corpus petitions. Thus, the Court of Criminal Appeals does not have jurisdiction over Cook’s and Holt’s mandamus petitions .arising from the proceedings initiated by the filing of their petitions seeking relief under the APLRA, Accordingly, appellate jurisdiction over an action seeking relief prescribed by the APLRA must lie either with the Court of Civil Appeals or with this Court.
The petitioners argue that the Court of Civil Appeals has jurisdiction over their mandamus petitions because, they say, the Court of Civil Appeals has exclusive appellate jurisdiction over all appeals and petitions for extraordinary writs arising from decisions of administrative agencies. The respondents,[5] on the other hand, argue that this Court has jurisdiction over the mandamus petitions because, they say, the petitions do not fall within the exclusive appellate jurisdiction of the Court of Civil Appeals.
Section 12-3-10, Ala.Code 1975, provides that the Court of Civil Appeals has exclusive appellate jurisdiction
“of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000, all appeals from administrative agencies other than the Alabama Public Service Commission, all appeals in workers’ compensation cases, all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases and all extraordinary writs arising from appeals in said cases.”
The only area of the Court of Civil Appeals’ exclusive jurisdiction that could conceivably encompass Cook’s and Holt’s mandamus petitions is that court’s jurisdiction to issue extraordinary writs “arising from appeals” from decisions of administrative agencies. However, Cook’s and Holt’s petitions for release filed in the trial court are not appeals from an administrative agency. These are not cases in which an administrative agency has denied a petitioner requested relief and that petitioner has appealed the agency’s decision either to a circuit court or to the Court of Civil Appeals. Although the basis for the relief sought by the petitioners concerns the DOC’s. alleged failure to address overcrowding in Alabama’s prisons, the DOC has no authority under the APLRA to grant the petitioners the relief they seek; the relief they seek can be granted only by a three-judge court. § 14-15-10(b). The mere fact that the DOC is the agency charged with overseeing Cook’s and Holt’s incarceration does not bring their mandamus petitions within the Court of Civil Appeals’ exclusive appellate jurisdiction of *320 “all appeals from administrative agencies” and “all extraordinary writs arising from' appeals in said cases” as envisioned by § 12-3-10. Thus, we conclude that the Court of Civil Appeals does not have jurisdiction over Cook’s and Holt’s mandamus petitions. Because no other appellate court has jurisdiction over Cook’s and Holt’s mandamus petitions, jurisdiction lies with this Court. Ala. Const.1901, Art. IV, § 140(c); § 12-2-7(1), Ala.Code 1975. Thus, we turn now to the merits of the petitioners’- arguments.

Standard of Review

“In Ex parte Melton, 837 So.2d 819, 820-21 (Ala.2002), this Court discussed the standard of review applicable to a petition for the writ of mandamus:
“‘“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
‘“Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).’
“Further, this Court has stated:
‘ “ ‘[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition.’ ” ’ 837 So.2d at 822 (quoting Ex parte Beavers, 779 So.2d 1223, 1224 (Ala.2000), quoting in turn Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App.1997)).”
Ex parte Ward, 957 So.2d 449, 451 (Ala.2006).

Case No. 1140610

Based on the materials provided to this Court, it appears that Cook’s “average balance” in his inmate trust account as of August 31, 2014, was $11.76. Although Cook does not indicate what the filing fee for his action would have been, it appears as though he would have had to pay a filing fee of $297 to prosecute his action. § 12-19-71(a)(4), Ala.Code 1975.
In its September 17, 2014, order denying Cook’s request for IFP status, the trial court noted that it had denied Cook’s request because it found that he “has had $853.00 deposited into his account within the last year; more than enough from which a filing fee might be paid.” Because Cook had deposits in his inmate trust account in the 12 months preceding the filing of his petition for release, the trial court was not required to grant Cook’s request for IFP status. § 14-15-5(a)(3). Rather, the trial court had the discretion more generally afforded trial courts in determining whether to grant IFP status in non-APLRA cases. Accordingly, we consider only whether the trial court exceeded its discretion in denying Cook’s request for IFP status. See Wilson v. Southeast Alabama Med. Ctr., 187 So.3d 1165, 1167 (Ala.Civ.App.2015); Ex parte Holley, 883 So.2d 266, 269 (Ala.Crim.App.2003).
In Ex parte Wyre, 74 So.3d 479 (Ala.Crim.App.2011), Wyre sought IFP status in connection with the filing of a postcon-viction petition in the Baldwin Circuit Court. Id. at 480. After the Baldwin Circuit Court denied Wyre’s IFP request, Wyre filed a petition for a writ of mandamus with the Court of Criminal Appeals. Id. In that petition, Wyre alleged that the *321 Baldwin Circuit Court had erred in denying his IFP request because, he said, he had only 28 cents in his inmate trust account when he filed his IFP request and the average balance of his inmate trust account for the 12 months preceding the filing of his request was $30.74. Id.
In denying Wyre’s mandamus petition, the Court of Criminal Appeals noted that Wyre’s inmate trust account showed total deposits of $876.52 in the 12 months preceding the filing of his petition for postcon-viction relief. Wyre, 74 So.3d at 481. Given those deposits, the Court of Criminal Appeals stated: “Wyre could have saved the money to pay the filing fee; thus, he is not indigent.” Id.
Similarly, in Cook’s case, Cook’s inmate trust account indicates that Cook had total deposits of more than $800 in the 12 months preceding the filing of his petition for release, including deposits of $259 in 1 month alone. Those deposits, if saved, would have been more than sufficient to pay a filing fee. Although Cook argues that the trial court should not consider the assets of “friends and relatives” in determining whether to grant IFP status, there is no indication in the materials provided to this Court that the trial court considered any “assets” other than the deposits in Cook’s inmate trust account. Thus, we cannot say that the trial court exceeded its discretion in denying Cook’s request for IFP status, and we deny Cook’s petition.

Case No. 1140611

Based on the materials provided to this Court, it appears that Holt’s “average balance” in his inmate trust account as of April 30, 2014, the most recent “average balance” provided on the “average inmate deposit balances” form submitted by Holt, was $2.24. Like Cook, Holt does not indicate what the filing fee for his action would have been, although, as noted above, it appears as though the required filing fee would have been $297. § 12-19-71(a)(4).
Holt’s inmate trust account shows total deposits of $199.26 between May 31, 2013, and April 30, 2014. Thus, the trial court was not required to grant Holt’s request for IFP status. § 14-15-5(a)(3). As noted above, the trial court initially granted Holt’s request for IFP status but later revoked that status in an order that does not indicate the ground for the revocation. That order simply states, in pertinent part: “Reconsideration of indigent status filed by [the respondents] is hereby granted.” It is undisputed that the respondents filed with the trial court a motion to reconsider Holt’s IFP status and that Holt filed a response to that motion. Because the trial court initially granted Holt’s request for IFP status and then revoked that status, we infer that the trial court was persuaded by the respondents’ arguments. However, because neither the respondents’ motion nor Holt’s response to that motion are included in the materials provided to this Court,. we are unable to determine the grounds for the trial court’s revocation of Holt’s IFP status, and, thus, we are unable to determine whether the trial court exceeded its discretion.[6]
*322 As the petitioner, Holt carried the burden of providing this Court with the pertinent materials showing that he is entitled to mandamus relief. Ex parte Dangerfield, 49 So.3d 675, 680 (Ala.2010). Holt has failed to carry that burden, and this Court will not conclude that the trial court exceeded its discretion when Holt failed to provide this Court with all the arguments and evidence the trial court considered in denying his request for IFP status. Thus, we deny Holt’s petition.

Conclusion

For the reasons set forth above, we deny Cook’s and Holt’s petitions for a writ of mandamus.
1140610—PETITION DENIED.
1140611—PETITION DENIED.
STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MOORE, C.J., concurs in part and dissents in part.
MURDOCK, J., dissents.

. These petitions were not assigned to Justice Bryan for decision until December 17, 2015.

. Holt’s petition for release is not included in the materials provided to this Court; however, Holt claims, in his petition for a writ of mandamus that he filed his petition for release “on or about June 20, 2014.” Cook’s petition for release does not indicate the date it was filed in the trial court; however, the certificate of service for that petition indicates a service date of September 12, 2014.

.These petitions were not assigned to Justice Bryan until approximately nine months after the Court of Civil Appeals transferred the petitions to this Court. See note 1, supra.

. Although it is not at issue in these cases, § 14-15~10(a) of the APLRA provides:
"(a) In any civil action with respect to prison conditions, no prisoner release order shall be entered unless both of the following are satisfied:
"(1) A court has previously entered an order for less intrusive relief that has failed to remedy the deprivation, of the right sought to be remedied through the prisoner release order.
“(2) The defendant has had a reasonable amount of time to comply with the previous court orders.”

. Based on the materials before this Court, it appears that Cook named Governor Robert Bentley, Attorney General Luther Strange, "the State," and two other individuals, Kim Thomas, "Prison Commissioner,” and Leon Forniss, "Warden,” as respondents in his petition for release filed in the trial court. As indicated in note 2, supra, Holt's petition for release is not included in the materials before this Court. The attorney general has filed a brief on behalf of "the respondents” in this Court.

. In their brief to this Court, the respondents argue that the trial court correctly revoked Holt's IFP status because, they say, Holt has previously filed three pro se civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. Section 14—15—5(b) of the APLRA provides:
“The court shall deny in forma pauperis status to any prisoner who has had three or more pro se civil actions or appeals dismissed by any federal or state court for being frivolous, malicious, or for failure to state a claim, unless the prisoner shows that he or she is in imminent danger of serious physical injury at the time of filing his or her motion for judgment, or the court *322 determines that it would be manifest injustice to deny in forma pauperis.”
In support of their argument, the respondents submitted with their brief to this Court three orders, two from the Montgomery Circuit Court and one from the Limestone Circuit Court, dismissing prior civil actions filed by Holt. However, nothing in the materials provided to this Court indicates that those orders were before the trial court for its consideration, and this Court will not consider exhibits or arguments based on those exhibits when there is no indication that those exhibits were presented to the trial court for its consideration. Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala.2010).