Rel: April 25, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

## SC-2024-0447 and SC-2024-0480
_____

## Briana Marquise Matthews

## v.

## State of Alabama

## Appeals from St. Clair Circuit Court
## (CC-21-204 and CV-23-59)

STEWART, Chief Justice.

The circuit-court proceedings underlying these appeals involve Briana Marquise Matthews's attempt to seek relief from the registration and notification requirements and the residency restrictions of the

Alabama Sex Offender Registration and Community Notification Act ("the ASORCNA"), which is codified at § 15-20A-1 et seq., Ala. Code 1975. Based on the following, we dismiss appeal no. SC-2024-0447, and we affirm the judgment in appeal no. SC-2024-0480.

Background

Matthews was charged with two counts of custodial sexual misconduct, violations of § 14-11-31, Ala. Code 1975, after having two sexual encounters with an inmate while she was employed as a prison guard at St. Clair Correctional Facility.[1] Matthews pleaded guilty to both counts pursuant to a written agreement with the St. Clair District Attorney's Office on behalf of the State. The St. Clair Circuit Court ("the circuit court") imposed a 10-year sentence, which it split for Matthews to serve 18 months,[2] followed by 3 years of supervised probation in case no. CC-21-204 ("the criminal action").

---

[1]Section 14-11-31(a) provides, in pertinent part: "It shall be unlawful for any employee to engage in sexual conduct with a person who is in the custody of the Department of Corrections." A violation of that Code section is a Class C felony. See § 14-11-31(d).

[2]Matthews was ordered to serve six months in the custody of the Department of Corrections followed by one year and one day in Community Corrections.

2

When Matthews began serving her probationary term, she was advised that she was required to comply with the ASORCNA registration and notification requirements and residency restrictions.[3] In July 2023, Matthews filed a petition in the criminal action seeking to prevent the State from requiring her to comply with the ASORCNA requirements because, she asserted, that had not been part of the plea agreement. The State filed a response in which it asserted that Matthews had incorrectly filed her petition in the criminal action and that she should have filed it as a new civil action. In response, Matthews filed a motion to withdraw her petition, noting that she had since commenced a civil action; the circuit court granted her motion on July 28, 2023.

Matthews's civil action in the circuit court ("the civil action") was instituted with the filing of a petition under § 15-20A-24, Ala. Code 1975, generally seeking relief from the ASORCNA requirements. In her petition, Matthews asserted that she had complied with the ASORCNA requirements as instructed, but she asked to be relieved from the

---

[3]See § 15-20A-3(a), Ala. Code 1975 ("[The ASORCNA] is applicable to every adult sex offender convicted of a sex offense as defined in [§] 15-20A-5."). Section 15-20A-5(30) includes as a sex offense "Custodial sexual misconduct, as provided by [§] 14-11-31."

reporting requirements because her simultaneous convictions were based on consensual sexual encounters with an adult inmate, she had no prior convictions or other criminal charges, she did not have a propensity to reoffend, and she was not a danger to society. Matthews later filed an additional petition, citing §§ 15-20A-24 and 15-20A-25, Ala. Code 1975, seeking relief from the ASORCNA residency[4] and employment restrictions,[5] in which she also asserted that neither she nor her attorney had been informed that she would be subject to those restrictions.

The State filed an answer opposing Matthews's petition in which it asserted that her custodial-sexual-misconduct convictions were not offenses listed in § 15-20A-24(a) for which a sex offender could seek relief from the ASORCNA registration and notification requirements.

---

[4]Section 15-20A-11(a), Ala. Code 1975, provides, among other residency restrictions, that "[n]o adult sex offender shall establish a residence or maintain a residence after release or conviction within 2,000 feet of the property on which any school, childcare facility, or resident camp facility is located unless otherwise exempted pursuant to [§§] 15-20A-23 and 15-20A-24."

[5]Section 15-20A-13, Ala. Code 1975, imposes on those convicted of a sex offense specific employment and volunteer restrictions relating to businesses that cater services to children or are located within a certain proximity to locations frequented by children.

The circuit court held brief hearings in October 2023 and December 2023. After each hearing, the circuit court entered an order temporarily relieving Matthews of having to comply with the requirements and restrictions of the ASORCNA pending the entry of further orders.[6] Additionally, on December 15, 2023, the circuit court entered an order noting that Matthews had also filed a petition for relief in the criminal action as an alternative means of seeking relief and that it was taking Matthews's petition in the civil action under advisement.

Matthews subsequently filed a supporting brief in the civil action in which she asserted that "the main issue" in her case was that she had pleaded guilty based on a plea agreement that did not subject her to the ASORCNA requirements and restrictions, and, thus, she asserted, she should be entitled to specific performance of the plea agreement.[7] Matthews further noted that her "Explanation of Rights and Plea of

---

[6]But see § 15-20A-24(n) and § 15-20A-25(k), Ala. Code 1975, providing: "If a sex offender seeks relief from the court pursuant to this section, the enforcement of [the ASORCNA] shall not be stayed pending a ruling of the court."

[7]Matthews's attorney indicated at the December 2023 hearing that Matthews had filed a motion in the criminal action to set aside her plea; that motion is not in the record, and the parties do not discuss it.

5

Guilty" form did not have the "Enhanced Punishment for a Criminal Sex Offense" enhancement option selected or otherwise indicate that she would be subject to the ASORCNA requirements. The circuit court held another hearing on February 8, 2024, at which Matthews's attorney and the attorney for the State presented brief arguments, and both indicated that withdrawing Matthews's guilty plea would be detrimental to her.

On March 20, 2024, the circuit court entered an order in the civil action granting Matthews's request under § 15-20A-25 for relief from the ASORCNA employment restrictions, but denying her request under § 15-20A-24 for relief from the registration and notification requirements and from the residency restrictions.[8] The circuit court reasoned that Matthews's convictions were not one of the specific offenses listed in § 15-20A-24(a) for which a sex offender could seek relief from the ASORCNA requirements and restrictions. The circuit court also acknowledged Matthews's equitable arguments regarding her plea agreement and the undisputed consensual nature of the offenses, but it explained: "[A] plain reading of the applicable statutes evidence[s] a very specific legislative

---

[8]The judge presiding over the civil action had entered an identical order in the criminal action on March 13, 2024.

intent and the duty of the judiciary is to apply the plain meaning of a statute unless the wording of the statute is vague or ambiguous."

Matthews filed a "motion to reconsider" based on the grounds that she had previously asserted, and she additionally challenged the constitutionality of the ASORCNA.[9] Matthews argued that the ASORCNA was designed "to protect the public from perverts" and that it was unconstitutional to force Matthews, who is not a danger to the public, to register as a sexual offender for the rest of her life. The circuit court denied Matthews's motion in the civil action after a hearing.

Matthews filed a notice of appeal in both actions; she appealed the order entered in the civil action to the Court of Civil Appeals and the order entered in the criminal action (see note 8, supra) to the Court of Criminal Appeals. Citing a lack of jurisdiction, both courts transferred the appeals to this Court, and we consolidated the appeals to clarify this Court's jurisdiction and to issue one opinion.

I.

---

[9]Matthews also later filed a "motion to reconsider" in the criminal action; that motion was denied.

Before addressing the arguments advanced in the appeals before us, we must ensure that this Court has appellate jurisdiction over each appeal transferred to this Court. See Ex parte Smith, 438 So. 2d 766, 768 (Ala. 1983) (holding that "it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu").

Generally, this Court's appellate jurisdiction encompasses appeals from final judgments in cases that are not within the exclusive jurisdiction of either the Court of Criminal Appeals[10] or the Court of Civil Appeals.[11] See § 12-2-7(1), Ala Code 1975. The circuit court entered an identical order in each action purporting to adjudicate all the claims in Matthews's petition; thus, the order entered in each action is a final judgment for appellate purposes. See Faith Props., LLC v. First Com. Bank, 988 So. 2d 485, 490-91 (Ala. 2008) (quoting Ex parte Gilmer, 64

---

[10]See § 12-3-9, Ala. Code 1975 ("The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all postconviction writs in criminal cases.").

[11]See § 12-3-10, Ala. Code 1975 (providing the Court of Civil Appeals with exclusive appellate jurisdiction in all civil cases in which the amount in controversy does not exceed $50,000, as well as for appeals and extraordinary writs in all workers' compensation, domestic-relations, and administrative-agency cases (other than for appeals from decisions of the Alabama Public Service Commission)).

Ala. 234, 235 (1879)) (defining a final judgment as "a judgment that is 'definitive of the cause in the court below, leaving nothing further to be done ....'"). See also State v. Greenetrack, Inc., 154 So. 3d 940, 951 (Ala. 2014) (holding that a trial court's orders that "purported to adjudicate all issues in [the] matters to final determination" were "final judgments subject to appeal, not interlocutory orders subject to review by a petition for a writ of mandamus").

Both Matthews and the State contend that this Court has jurisdiction in each appeal. The State asserts that this Court decided in State v. Biddle, 187 So. 3d 1122 (Ala. 2015), that proceedings seeking relief from compliance with the ASORCNA requirements and restrictions are civil proceedings and, thus, not within the appellate jurisdiction of the Court of Criminal Appeals.[12] The Court of Criminal Appeals, likewise, cited Biddle when transferring what is appeal no. SC-2024-0447 to this Court.

_____

[12]The State applies Biddle too expansively in labeling all proceedings seeking relief from the ASORCNA requirements and restrictions as being civil in nature. There are circumstances in which petitions may be filed in a criminal action. Section 15-20A-24(a) permits a petition to be filed in a pending criminal action at the disposition or sentencing stage. Likewise, a petition filed pursuant to § 15-20A-25(a) may be filed in a pending criminal action at the sentencing stage.

In <u>Biddle</u>, this Court considered a mandamus petition filed by the State challenging a trial court's jurisdiction to grant a petition filed under § 15-20A-23, Ala. Code 1975, in a criminal action.[13] <u>Id.</u> at 1123. This Court explained that the petition should have been filed as a civil action; that "the [trial] court, sitting in a completed criminal case, lacked jurisdiction" to afford relief under that statute; and that the trial court's order granting relief was void. <u>Id.</u> at 1128.

Matthews's petitions were filed under §§ 15-20A-24 and 15-20A-25. Section 15-20A-24(c)(1) expressly requires that petitions "filed after sentencing or disposition" by an adult sex offender "shall be filed" in the civil division of the circuit court in the county in which the conviction occurred. Likewise, petitions seeking relief under § 15-20A-25(a), if filed after sentencing, are appropriately filed as civil actions in "the civil

---

[13]Section 15-20A-23(a)-(b) permits a sex offender experiencing, among other conditions, terminal illness or permanent immobility to file a petition "in the civil division of the circuit court of the county in which the sex offender seeks relief from the residency restriction."

division of the circuit court in the county where the sex offender seeks to accept or maintain employment."[14]

Matthews's petitions were filed in both the criminal action and the civil action after sentencing and while she was serving a term of probation. Because both § 15-20A-24 and § 15-20A-25 require postsentencing petitions to be filed as civil actions, the circuit court lacked jurisdiction to consider Matthews's petition filed in the criminal action. As a result, the order entered in the criminal action is void and incapable of supporting an appeal. See Biddle, supra; see also Johnson v. Neal, 39 So. 3d 1040, 1045 (Ala. 2009) ("Because the circuit court lacked subject-matter jurisdiction, its judgment is void and will not support this appeal."). Accordingly, we dismiss appeal no. SC-2024-0447.[15]

Conversely, this Court has jurisdiction to consider appeal no. SC-2024-0480. Matthews's petition seeking relief under §§ 15-20A-24 and 15-20A-25 was properly filed as a civil action in the circuit court, the circuit

_____

[14]There is no challenge to the circuit court's decision to grant Matthews's petition filed under § 15-20A-25; nevertheless, we are required to resolve jurisdictional concerns.

[15]The Court of Criminal Appeals should have dismissed the appeal as arising from a void judgment instead of transferring it to this Court.

11

court entered an order adjudicating her petition, and she has appealed from a final judgment. See Biddle, supra; see also, e.g., Ex parte Cook, 202 So. 3d 316, 320 (Ala. 2016) (citing Ala. Const. 1901, Art. IV, § 140(c); § 12-2-7(1), Ala. Code 1975) (holding that this Court had jurisdiction to review proceedings arising from Alabama Prisoner Litigation Reform Act, § 14-15-1 et seq., Ala. Code 1975, which were civil in nature). Having determined that this Court has jurisdiction over appeal no. SC-2024-0480, we turn to the merits of Matthews's appeal.

## II.

Section 15-20A-24 provides a mechanism for sex offenders convicted of certain offenses to petition for relief from the ASORCNA's requirements, if the sex offender proves by clear and convincing evidence that he or she satisfies, among other criteria,[16] the requirements in § 15-20A-24(b). Section 15-20A-24(a) specifies that sex offenders convicted of the following offenses may seek relief under the statute:

> "(1) Rape in the second degree, as provided by subdivision (1) of subsection (a) of [§] 13A-6-62.

> "(2) Sodomy in the second degree, as provided by subdivision (1) of subsection (a) of [§] 13A-6-64.

---

[16]See, e.g., § 15-20A-24(e), specifying criteria for the petition and the requisite documentation.

"(3) Sexual abuse in the second degree, as provided by subdivision (2) of subsection (a) of [§] 13A-6-67.

"(4) Sexual misconduct, as provided by [§] 13A-6-65.

"(5) Any crime committed in this state or any other jurisdiction which, if had been committed in this state under the current provisions of law, would constitute an offense listed in subdivisions (1) to (4), inclusive.

"(6) Any solicitation, attempt, or conspiracy to commit any of the offenses listed in subdivisions (1) to (5), inclusive."

The circuit court denied Matthews's petition for relief from the registration and notification requirements and the residency restrictions after determining that the plain language in § 15-20A-24 limited eligibility for relief to only those sex offenders with convictions specified in subsection (a), none of which included Matthews's custodial-sexual-misconduct convictions.

Matthews acknowledges that custodial sexual misconduct is not listed in § 15-20A-24(a). She argues, however, that "the legislature did not consider custodial sexual misconduct, only sexual misconduct under § 13A-6-65(a), [Ala. Code 1975,] when considering relief under § 15-20A-24." Matthews's brief at 9. However, as the State points out, § 15-20A-24 was enacted as part of the same legislation that enacted § 15-20A-5(30), Ala. Code 1975, which declares custodial sexual misconduct as a sex

offense falling under the ASORCNA. See Ala. Acts 2011, Act No. 2011-640. Moreover, § 14-11-31, which criminalizes custodial sexual misconduct, was enacted in 2004, before the ASORCNA's 2011 enactment. "It is an ingrained principle of statutory construction that '[t]he Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute.'" Ex parte Fontaine Trailer Co., 854 So. 2d 71, 83 (Ala. 2003)(quoting Carson v. City of Prichard, 709 So. 2d 1199, 1206 (Ala. 1998)).

The well-settled " '[p]rinciples of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.'" Ex parte Ankrom, 152 So. 3d 397, 410 (Ala. 2013) (quoting Ex parte Pratt, 815 So. 2d 532, 535 (Ala. 2001)). There is no ambiguity in the language in § 15-20A-24. The legislature specifically listed the offenses for which sex offenders may seek relief from ASORCNA's requirements and restrictions. Custodial sexual misconduct is not one of those offenses, and, as a result, the circuit court correctly denied Matthews's petition on that basis.

Matthews does not present legal authority or argument supporting her contention that the legislature failed to consider custodial sexual misconduct in enacting the ASORCNA. Instead, Matthews argues that she should be eligible for relief because custodial sexual misconduct is similar to sexual misconduct, an offense that is listed in § 15-20A-24(a); because "[t]he considerations for relief set out in § 15-20A-24 align with relief being granted to Matthews due to her lack of danger of committing a future offense and the misconduct not involving a child"; and because "the only reason her actions constitute a crime is due to the other participating adult being incarcerated." Matthews's brief at 10. Matthews also asserts that "other states allow sex offenders relief from registration requirements for offenses more serious than" hers. Id. at 7.[17]

Matthews's assessment of custodial sexual misconduct and sexual misconduct as similar is untenable. In addition to the classification of those offenses within the ASORCNA as distinct sex offenses, a sexual-

_____

[17]Matthews presents a case from the Alaska Supreme Court and a Colorado statute involving those states' procedures for permitting sex offenders to petition for relief from registration requirements; those authorities do not support her assertion that other states allow sex offenders who have committed more serious offenses to petition for relief from registration requirements.

15

misconduct conviction is expressly subject to less severe consequences under ASORCNA, requiring only partial compliance upon a first conviction. See § 15-20A-5(5). Further, a sexual-misconduct conviction under § 13A-6-65, Ala. Code 1975, is a Class A misdemeanor, while a conviction for custodial sexual misconduct is a Class C felony, which further demonstrates the legislature's distinctive treatment of those offenses. See § 13A-6-65(b) and § 14-11-31(d). Insofar as Matthews argues that custodial sexual misconduct should be included as an offense for which a sex offender may seek relief under § 15-20A-24, or that this state should follow the examples of other states, those are arguments to "be directed to the legislature, not to this Court." Ex parte Ankrom, 152 So. 3d at 420. See also id. (quoting Ex parte Jackson, 614 So. 2d 405, 408 (Ala. 1993))("'If the Legislature disagrees with our interpretation of [the statute], then it will enact appropriate legislation to modify the statute and yield a different result in subsequent cases.'").

Furthermore, even if custodial sexual misconduct had been listed in § 15-20A-24(a), Matthews would not have been entitled to seek relief under § 15-20A-24 at the time she filed her petition. Section 15-20A-24(a) specifies four instances when a convicted sex offender may petition for

16

relief from the ASORCNA's registration and notification requirements and residency restrictions: "[a]t disposition, sentencing, upon completion of probation, or upon completion of a term of registration ordered by the sentencing court." Because Matthews was serving her probationary term at the time she filed the petition, she was not entitled to seek relief under § 15-20A-24 at that point, and the circuit court's judgment should be affirmed on that basis as well. See Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So. 2d 1013, 1020 (Ala. 2003)(explaining that an appellate court can affirm a judgment on any valid legal ground).

SC-2024-0447 -- APPEAL DISMISSED.

Wise, Bryan, Sellers, Mendheim, Mitchell, and Cook, JJ., concur.

Shaw, J., concurs in the result.

McCool, J., recuses himself.

SC-2024-0480 -- AFFIRMED.

Shaw, Wise, Bryan, Sellers, Mendheim, Mitchell, and Cook, JJ., concur.

McCool, J., recuses himself.